Contempo Acquisitions, LLC v Dawson (2026 NY Slip Op 01452)

Contempo Acquisitions, LLC v Dawson

2026 NY Slip Op 01452

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 154267/14|Appeal No. 6125|Case No. 2025-02154|

[*1]Contempo Acquisitions, LLC, Plaintiff-Respondent,
vAllen Dawson, Defendant-Appellant.

Vernon & Ginsburg, LLP, New York (Yoram Silagy of counsel), for appellant.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about January 28, 2025, which denied defendant's motion to restore the discontinued action so that he could assert his counterclaim for legal fees, unanimously affirmed, without costs.
The court correctly found that the terms of the parties' stipulation of discontinuance required denial of defendant's motion to restore the matter (see McNaughton v RY Mgt., Inc., 105 AD3d 416, 417 [1st Dept 2013]). Despite other language in the stipulation of discontinuance concerning the circumstances in which the discontinuance would be without prejudice to restoration, including if the parties decided, for any reason, to restore the matter within 12 months of executing the stipulation dated August 15, 2019, the stipulation's final sentence clearly states unequivocally, in language that necessarily modifies the prior terms concerning a discontinuance without prejudice, that "[a]t the expiration of twelve (12) months from the date hereof, such discontinuance shall be with prejudice if neither party moves to restore within this period." As defendant did not move to restore the matter until August 2024, five years after the stipulation was executed, the discontinuance with prejudice term applied to require denial of the motion. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026